# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 07-30104

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2008

Charles R. Fulbruge III
Clerk

JOSEPH ANTHONY MATIS, SR, Individually and on Behalf of His Deceased Son, Michael Anthony Wajda

Plaintiff - Appellee

v.

LASHON NICHELLE JOHNSON

Defendant - Appellant

v.

AVERY PETER JOSEPH, Sergeant; KEITH COXIE, Captain; LEON WALKER, Major; ST JAMES YOUTH CENTER, ST JAMES PARISH

Defendants - Appellees

*******************************************************************

TONI LYNN ZELLER, Individually and on Behalf of Her Deceased Son, Michael Anthony Wajda

Plaintiff - Appellee

v.

LASHON NICHELLE JOHNSON

Defendant - Appellant

v.

AVERY PETER JOSEPH, Sergeant; KEITH COXIE, Captain; LEON WALKER, Major; ST JAMES YOUTH CENTER, ST JAMES PARISH

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-534

Before REAVLEY, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Joseph Anthony Matis, Sr. and Toni Lynn Zeller filed suit under 42 U.S.C. § 1983 seeking damages as a result of the suicide of their sixteen-year-old son Michael Anthony Wajda, who was in custody as a pretrial detainee at the St. James Youth Center. The district court granted summary judgment based on qualified immunity to all the individual defendants except for Nurse Lashon Nichelle Johnson. Johnson filed this interlocutory appeal from the denial of qualified immunity. Finding that we lack jurisdiction, we dismiss the appeal.

Wajda was admitted to the St. James Youth Center on December 15, 2004, after he was taken into custody on his father's complaint that he was ungovernable. Wajda had a long and troubled psychological history. Approximately thirteen months prior to his arrest, Wajda had tried to commit suicide during a previous custodial stay at the same youth center. When he was admitted again in December 2004, Wajda was taking medication for a bipolar disorder. Nurse Johnson participated in Wajda's admission and knew about both the prior suicide attempt and the medication. Johnson did not, however, place Wajda on suicide watch, nor did she complete a required history form containing questions about prior treatment for mental conditions and prior suicide attempts. If Wajda had been asked these questions and answered affirmatively, he would have been referred for further evaluation by a social

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

worker for placement on suicide watch. Nurse Johnson testified that Wajda appeared to be happy and that she did not observe any signs of distress that would indicate he was suicidal. The district court found, however, that Wajda had exhibited signs of self-mutilation and that two witnesses said that he was upset and fidgety. Johnson testified that self-mutilation was one sign for which she had been trained to look as an indicator of suicidal tendencies. Wajda hanged himself in his room approximately eight hours after being admitted to the youth center.

Johnson argues on appeal that the district court incorrectly held that she had the ultimate burden of establishing the qualified immunity defense and incorrectly treated qualified immunity as a question of fact. She also argues that the plaintiffs failed to show an issue of fact that she was subjectively deliberately indifferent to a risk that Wajda was suicidal and that her conduct was objectively reasonable under the circumstances.

On an interlocutory appeal from the denial of qualified immunity, we may review the appeal only to the extent that it turns on the legal question whether the defendant is entitled to qualified immunity on the facts that the district court found were sufficiently supported in the record. Kinney v. Weaver, 367 F.3d 337, 347 (5th Cir. 2004) (en banc). In other words, we lack jurisdiction to review whether any factual issues the district court found are genuine; we may review only whether those questions are material. Thompson v. Upshur County, 245 F.3d 447, 455–56 (5th Cir. 2001).

The test for qualified immunity asks whether the defendant violated a federal constitutional right on the facts alleged and whether the right was clearly established. McClendon v. City of Columbia, 305 F.3d 314, 322–23 (5th Cir. 2002) (en banc). The defendant is entitled to qualified immunity if her actions were objectively reasonable in light of the clearly established legal rules at the time of the violation. Id. at 323.

A pretrial detainee has a clearly established right under the Due Process Clause of the Fourteenth Amendment to be protected from known suicidal tendencies. Flores v. County of Hardeman, 124 F.3d 736, 738 (5th Cir. 1997). The key to proving a violation of this right is for the plaintiff to show that the defendant acted with subjective deliberate indifference. Id. The deliberate indifference standard requires a showing that the defendant knew the detainee faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable measures to abate the risk. See Farmer v. Brennan, 511 U.S. 825, 847, 114 S. Ct. 1970, 1984 (1994).

In the instant case, the district court explicitly stated that it must grant the defendant qualified immunity unless the plaintiff demonstrated that the defendant had subjective knowledge of a substantial risk of severe harm to the pretrial detainee but responded to that risk with deliberate indifference. Although the district court used language earlier in its opinion that the defendant has the ultimate burden of establishing the qualified immunity defense, the court did not hew to that statement and properly assigned the burden to the plaintiffs. See Pierce v. Smith, 117 F.3d 866, 872 (5th Cir. 1997) ("We do not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon plaintiffs." (internal quotation marks and citation omitted)).

Turning to the merits of the qualified immunity issue, the district court held that a jury could determine that Nurse Johnson acted with deliberate indifference because she had actual knowledge of Wajda's prior suicide attempt and failed to properly complete the intake form that would have revealed Wajda's suicide risk to other staff members. The district court also noted Johnson's knowledge of Wajda's use of psychotropic medication for bipolar disorder and signs of self-mutilation, as well as other testimony that Wajda was upset and fidgeting, all of which tend to contradict Johnson's claim that Wajda

appeared happy. We also note evidence in the record that Wajda's father stated that he told the arresting officers that Wajda was suicidal. Wajda also told Johnson that he had not taken his daily medication at the time of his admission to the youth center.

By concluding that a jury could find that Johnson acted with deliberate indifference, the district court found a fact issue as to the defendant's subjective state of mind. See Farmer, 511 U.S. at 842, 114 S. Ct at 1981 (noting that a prison official's subjective state of mind is a question of fact). As noted above, we do not have jurisdiction to review the district court's assessment regarding the sufficiency of the evidence. See Kinney, 367 F.3d at 346–47. We may consider only whether the factual issues are material to the qualified immunity analysis. See Meadours v. Ermel, 483 F.3d 417, 422 (5th Cir. 2007). We conclude that Johnson's knowledge of Wajda's demeanor, physical condition, and prior suicide attempt, and her reasons for failing to complete the intake form required by the policy manual, present material issues as to her actual knowledge of Wajda's suicidal tendencies. The district court did not err in assessing the legal significance of the evidence. See Kinney, 367 F.3d at 348.

APPEAL DISMISSED.